

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

May 16, 2018

The Honorable Lucy Wilke
District Attorney
216th Judicial District
200 Earl Garrett Street, Suite 202
Kerrville, Texas 78028

Opinion No. KP-0200

Re: Use of civil asset forfeiture funds to purchase property insurance pending appeal (RQ-0195-KP)

Dear Ms. Wilke:

You ask whether an attorney representing the State may use civil asset forfeiture funds accrued under article 59.06(c)(1) of the Texas Code of Criminal Procedure to insure real property forfeited to the State.[1] *See* TEX. CODE CRIM. PROC. art. 59.06. You explain that the State filed a civil asset forfeiture action in Kerr County against a piece of real property with a residence ("Property"). *See* Request Letter at 1; *see also* TEX. CODE CRIM. PROC. art. 59.04(g). You tell us that after a trial on the merits, the court ordered the Property forfeited to the State as contraband. Request Letter at 1. In granting the State's motion to possess the Property pending the defendant's appeal of the forfeiture judgment, the court ordered "that the State may insure the Property against loss for the entire period of the pendency of this appeal."[2] *Id.* at 2 (quotation marks omitted); Attachment at 2. You ask whether the attorney may use civil asset forfeiture funds accrued under article 59.06(c)(1) to purchase the property insurance pending appeal.[3] Request Letter at 1.

Article 59.06(c)(1) permits civil asset forfeiture funds from the sale of contraband to be deposited into a special fund in the county treasury "for the benefit of the office of the attorney representing the state, to be used by the attorney solely for the official purposes of his office." TEX. CODE CRIM. PROC. art. 59.06(c)(1) (applicable if a local agreement exists between the attorney representing the State and law enforcement agencies). "[A]n expenditure of proceeds . . . is considered to be for an official purpose of an attorney's office if the expenditure is made for an activity of an attorney . . . that relates to the preservation, enforcement, or administration of the laws of this state, *including* an expenditure made for" certain listed items, such as "facility costs, including building purchase, lease payments, remodeling and renovating, maintenance, and utilities." *Id.* art. 59.06(d-4)(7) (emphasis added). You are concerned that the "expenditure of

[1]*See* Letter and Attachment from Honorable Lucy Wilke, 216th Judicial Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 27, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Attachment," respectively).

[2]*See* TEX. CODE CRIM. PROC. art. 59.02(e) (authorizing a court to "make appropriate orders to preserve and maintain the value of the property until a final disposition of the property is made").

[3]The source of the funds at issue is presumably from previous civil asset forfeitures, as the Property itself has not been disposed of pending appeal.

funds for the insurance coverage does not fit squarely with the enumerated uses" listed as examples of activities that relate to the preservation, enforcement, or administration of state laws. Request Letter at 2. However, the words "includes" and "including" are "terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded." TEX. GOV'T CODE § 311.005(13). So long as the activity of the attorney "relates to the preservation, enforcement, or administration" of a state law, the fact that a particular expenditure is omitted from the examples listed in article 59.06(d-4) is not dispositive. TEX. CODE CRIM. PROC. art. 59.06(d-4).

We turn our focus to the activity of the attorney in the situation you present. The property insurance, in the words of the court, is necessary to adequately "protect the [State] against loss or damage that the appeal may cause." Attachment at 1. If the State wins the appeal, then the attorney representing the State resumes his or her ultimate role with respect to the Property, which is to "dispose of the property in the manner required by Article 59.06" on a final judgment of forfeiture. TEX. CODE CRIM. PROC. art. 59.05(e). In that instance, the insurance protects the interest of the State in fulfilling its statutory duty. If the State loses the appeal and the owner regains ownership and possession of the Property, in which case the owner must reimburse the State for the premiums it paid,[4] the insurance mitigates the State's risk of liability during its possession of the Property. Both scenarios relate to the attorney's role in the administration of the State's forfeiture laws. In addition, during an appeal of the forfeiture judgment, the attorney representing the State does not discontinue his or her role as a party to the proceedings. *See id.* art. 59.05(e) (providing for forfeiture of property "to the state, with the attorney representing the state as the agent for the state"); Tex. R. App. P. 25.1(e) (requiring service of the notice of appeal "on all parties to the trial court's final judgment"). Therefore, a court would likely conclude that the purchase of property insurance is sufficiently related to the attorney's administration of the State's forfeiture laws such that it may be made with civil asset forfeiture funds.

---

[4]*See* Request Letter at 2 (quoting from the court's order that "if the Defendant is successful on appeal and regains ownership or possession of the Property, then the Defendant shall reimburse the State for all insurance premiums paid by the State with respect to the Property").

## S U M M A R Y

A court would likely conclude that an attorney representing the State may use civil asset forfeiture funds accrued under article 59.06(c)(1) of the Texas Code of Criminal Procedure to purchase property insurance protecting real property that is the subject of an appeal from a forfeiture judgment under article 59.05(e).

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee